■ GEORGE LUTTINGER et al., Appellants, v THOMAS P. PASQUALE, Also Known as THOMAS P. PASCALE, Respondent.—In an action to recover the value of legal services rendered, plaintiffs appeal from an order of the Supreme Court, Westchester County, dated June 16, 1976, which denied their motion for summary judgment. Order reversed, on the law, with $50 costs and disbursements, motion granted as to the issue of liability, and case remanded to Special Term for a hearing on the issue of the value of the services rendered. Plaintiffs seek to recover the value of legal services which they rendered to the estates of defendant's parents. Defendant resists on the ground that plaintiffs were negligent in failing to properly examine and review the report of their appraiser. Defendant claims, in effect, that the $65,000 appraisal of the house was unreasonably high, thus resulting in excessive payments of estate taxes. Special Term denied plaintiffs' motion for summary judgment. We reverse and grant that motion with respect to

liability only. The appraiser in question has impressive qualifications. He was first engaged by plaintiffs' predecessors in connection with the valuation of the estate of defendant's father. When prior counsel was dismissed for reasons unrelated to the appraisal, plaintiffs chose to employ the same appraiser. When defendant's mother subsequently died, defendant retained plaintiffs to probate her will. It was necessary to reappraise the property in question and, with defendant's apparent concurrence, plaintiffs again retained the previous appraiser, who valued the property at $65,000. Defendant paid the appraiser's bill without objection. Thereafter, defendant listed the property for sale at $70,000, but received no acceptable offers. Three years later, because of financial difficulties, defendant applied for a Federal Housing Administration (FHA) mortgage. According to the papers submitted on the motion, the FHA appraisal valued the property at $55,000. The record is bereft of any basis upon which plaintiffs may properly be charged with negligence. The mere fact that the defendant did not receive any offers for the property at or near the listed price proves nothing. Nor does the FHA appraisal of the property, made three years after the appraisal in question, in any way establish that plaintiffs were negligent in accepting the subject appraisal. Defendant's belated and unsupported claim of negligence is frivolous and insufficient to bar summary judgment in plaintiffs' favor. Hopkins, Acting P. J., Martuscello, Latham and Damiani, JJ., concur.